

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2009

# Lawrence Wilder Sr. v. DMR Consul Grp Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-2451

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lawrence Wilder Sr. v. DMR Consul Grp Inc" (2009). *2009 Decisions.* Paper 655.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/655

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-275                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2451
_____

LAWRENCE VERLINE WILDER, SR.,

APPELLANT

v.

DMR CONSULTING GROUP, INC.;
AT&T; FUJITSU CONSULTING

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 99-05667)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
August 6, 2009
Before: MCKEE, FISHER and CHAGARES , <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 15, 2009)
_____

OPINION
_____

PER CURIAM

Lawrence Wilder appeals from an order of the District Court denying his "motion

to reopen" pursuant to Federal Rule of Civil Procedure 60(b), and denying his motion for

appointment of counsel as moot.

Wilder filed the Rule 60(b) motion on March 5, 2009, seeking reconsideration of a June 11, 2002 order dismissing his civil rights complaint with prejudice. According to Wilder, he has "new evidence to [sic] the defendants' guilt." We agree with the District Court that Wilder's motion is untimely because it was filed almost seven years after the challenged order was entered. See Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding"); Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (two years not a "reasonable time" for 60(b) purposes); Martinez-McBean v. Gov't of V.I., 562 F.2d 908, 913 n.7 (3d Cir. 1977) (expressing "serious doubts" that two and one half year delay in filing Rule 60(b) motion would comply with "reasonable time" requirement).[1]

There being no substantial question presented by Wilder's appeal, we will summarily affirm the District Court's order denying both his Rule 60(b) motion and his motion for appointment of counsel. See LAR 27.4; I.O.P. 10.6.

---

[1] Even if Wilder's motion were timely, he would be unable to bear the "heavy burden" for demonstrating entitlement to Rule 60(b) relief. Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). Specifically, the alleged "newly discovered evidence" (an EEOC press release describing a settlement in an unrelated matter) is not "material" to Wilder's case. Id. Nor would it "probably have changed the outcome of the trial." Id.

2